UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GREGORY CHAUVIN            *          CIVIL ACTION

VERSUS                   *          NO. 23-392

UNITED PARCEL SERVICE, INC., ET AL.   *          SECTION "T" (2)

## ORDER AND REASONS

Before me are Plaintiff Chauvin's Motion to Compel 30(b)(6) Deposition and Defendant United Parcel Service, Inc.'s ("UPS") Motion to Quash same.  ECF Nos. 17, 23.  UPS filed an Opposition Memorandum and Chauvin a Reply Memorandum.  ECF Nos. 27, 31.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the motions are GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Gregory Chauvin alleges that, while loading cargo for his employer Target Corporation ("Target"), he sustained personal injuries after a United Parcel Service, Inc. ("UPS") driver moved the truck without warning.  ECF No. 1-4.  Plaintiff filed suit against UPS, its insurer, and John Doe (the unidentified driver later identified as John Simms (ECF No. 17 ¶ 12 at 4)) and later amended the petition to add TForce Freight, Inc. ("TForce") as a defendant.  ECF No. 5-1 at 13, 17.  Target intervened to recover workers' compensation benefits.  ECF No. 1-5; No. 5-1 at 30.  TForce removed based on diversity.  ECF No. 1.

Plaintiff served interrogatories and requests for production of documents on UPS, which UPS answered on November 9, 2022.  ECF No. 17-3.  Plaintiff also issued Notice of Rule 30(b)(6)

Deposition with an accompanying document request.  ECF No. 17-8.  Although Plaintiff objects to many of UPS's responses to the interrogatories and requests for production, Plaintiff's motion to compel relates only to the Rule 30(b)(6) Deposition and related document requests.  ECF No. 17.  After the filing of the Motion to Compel, UPS allegedly identified TForce Freight, Inc. ("TForce") as purchaser and owner of the UPS delivery truck involved in incident at issue.  *See* ECF No. 31 ¶ 7 at 4.  In response to discovery, TForce denied ownership of the truck and/or employment of the driver.  ECF No. 17-6 at 3-4.

Plaintiff issued  Rule 30(b)(6) notice directed to UPS (erroneously listed as "Target" in the notice) identifying the following topics of inquiry:

1. Any and all Contracts with Target.
2. Any and all trip logs regarding pickups or deliveries to Target in Kenner, La for the month before and including through the date of Gregory Chauvin's accident.
3. Any and all records including the personnel files of the drivers involved in the trip's referenced in #2.
4. The identification of the UPS driver involved in the incident with Gregory Chauvin.
5. Please provide "all training, training videos and training manuals" used to train the driver listed in No. 4.
6. The identification of the UPS driver who discussed his activities on the day of the accident involving Gregory Chauvin with Michelle Randall or any representative of Liberty Mutual or UPS.
7. The identity of the Target and Liberty Mutual representatives involved in the investigation of this claim.
8. All individuals who provided information used to prepare Target's responses to the Discovery propounded on behalf of Gregory Chauvin.
9. All individuals who participated in the formulation of Targets defenses to the claims made by Gregory Chauvin.
10. The identification of a representative or representatives who can identify:
    a. All UPS accident investigation reports or claim reports done by or on behalf of UPS on Gregory Chauvin,
    b. the date the accident investigation report was prepared,
    c. the identity of person who prepared them,
    d. the identity of the persons whose names appear on the documents, and
    e.  whether the documents are routinely prepared by or on behalf of UPS in normal course of business.

ECF No. 17-8 at 3-4.  The notice also indicates areas of inquiry to include (1) John Sims, regarding

his telephone discussions with counsel for Gregory Chauvin and (2) UPS representative of

Michelle Randall, regarding her telephone discussions with counsel for Gregory Chauvin.  ECF

No. 17-8 at 4.  The notice also sought production of the following documents:

1. Copies of any and all documentation which may support your testimony given in response to your answer to Question No. 1, "Any and all Contracts with Target."
2. Copies of any and all documentation which may support your testimony given in response to your answer to Question No. 2, "Any and all trip logs regarding pickups or deliveries to Target in Kenner, La for the month before and including through the date of Gregory Chauvin's accident of December 1, 2021."
3. Copies of any and all documentation which may support your testimony given in response to your answer to Question No. 3, "Any and all records including the personnel files of the drivers involved in the trip's referenced #2."
4. Copies of any and all documentation which may support your testimony given in response to your answer to Question No. 4, "The identification of the UPS driver involved in the incident with Gregory Chauvin."
5. Copies of any and all documentation which may support your testimony given in response to your answer to Question No. 5, "Please provide "all training documents, training videos and training manuals" used to train the driver listed in No. 4.
6. Copies of any and all documentation which may support your testimony given in response to your answer to Question No. 6, "The identification of the UPS driver who discussed his activities on the day of the accident involving Gregory Chauvin with Michelle Randall or any representative of Liberty Mutual or Target."
7. Copies of any and all documentation which may support your testimony given in response to your answer to Question No. 7, "The Target and Liberty Mutual representatives involved in the investigation of this claim."
8. Copies of any and all documentation which may support your testimony given in response to your answer to Question No. 8, "All individuals who provided information used to prepare Target's responses to the Discovery propounded on behalf of Gregory Chauvin."
9. Copies of any and all documentation which may support your testimony given in response to your answer to Question No. 9, "All individuals who participated in the formulation of Targets defenses to the claims made by Gregory Chauvin."
10. Copies of any and all documentation which may support your testimony given in response to your answer to Question No. B1, "John Sims, regarding his telephone discussions with counsel for Gregory Chauvin.
11. Copies of any and all documentation which may support your testimony given in response to your answer to Question No. B2, "Michelle Randall, regarding her telephone discussions with counsel for Gregory Chauvin."

12. Any written or recorded statements taken from anyone in regards to the accident of December 1, 2021 involving Gregory Chauvin.

13. Copies of any and all documentation which may support your testimony given in response to your answer to the identification of a representative or representatives who can identify:

14. The identification of a representative or representatives who can identify:
    a. All UPS accident investigation reports or claim reports done by or on behalf of UPS on Gregory Chauvin,
    b. the date the accident investigation report was prepared,
    c. the identity of person who prepared them,
    d. the identity of the persons whose names appear on the documents, and
    e. whether the documents are routinely prepared by or on behalf of UPS in normal course of business.

ECF No. 17-8 at 5-7.  Plaintiff argues that the discovery sought is proper because the petition alleges improper training and failure to comply with policies.  ECF No. 17 at 9.

In Opposition, UPS argues that Plaintiff did not act in good faith to narrow the scope of the dispute over "relevant" deposition topics and its motion to compel is oppressive.  ECF No. 27 at 4-6.  Further, it argues that Plaintiff asserts that UPS is liable under *respondeat superior* but not that UPS failed to properly train the driver allegedly involved in this incident.  *Id*. at 4.  In addition, UPS contends it agreed to produce the driver for deposition on May 26, 2023, but Plaintiff cancelled the deposition.  *Id*. at 5.  Likewise, in support of its Motion to Quash, UPS argues that Plaintiff's petitioners do not assert failure to train, hire or supervise, and Plaintiff unilaterally set the Rule 30(b)(6) deposition at an improper location without clearing the date with UPS.  ECF No. 23-4 at 2, 4-5.  Further, the notice seeks a wide array of subjects, is overly burdensome and harassing, seeks irrelevant information and is improper.  *Id*. at 2, 5.  In addition, the notice purports to require UPS to respond and provide information on behalf of Target, which Plaintiff's Reply concedes was a typographical error.  *Id*. at 5 (citing Ex. A, Attachment 1 ¶¶ 7-9); No. 31 at 4.  UPS also argues that its corporate deposition must be taken at its headquarters in Atlanta, Georgia, not in New Orleans.  *Id*. at 6.

4

In Reply, Plaintiff argues that UPS's counsel asked that the deposition take place at his office and provided dates for the deposition but then objected to the corporate deposition.  ECF No. 31 at 1.  In response to Plaintiff's offer to proceed with the deposition of the driver, UPS refused to produce his personnel or training files based on its relevance objection.  *Id*. at 2-3.  Plaintiff argues that there is no requirement to send a draft notice of a Rule 30(b)(6) deposition and the notice mistakenly identified Target instead of UPS in ¶¶ 7-9.  *Id*. at 3-5.

## II.    <u>APPLICABLE LAW</u>

### A.  <u>The Scope of Discovery</u>

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  FED. R. CIV. P. 26(b)(1).  Rule 26(b)(2)(C)(i)–(iii) directs the Court to limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[1]  This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

trial.  Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[2]  At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[3]  Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[4]  If relevance is in doubt, the court should be permissive in allowing discovery.[5]

Rule 26's advisory committee comments make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional.  The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment.  "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."  *Id.*

## B.  <u>Duties in Responding to Discovery</u>

### 1.  **Full and Complete Responses**

"Discovery by interrogatory requires candor in responding. . . .  The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information.  A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive."[6]  The fact that an interrogatory calls for a thorough response—one that

---

[2] *Id.* n.5 (citation and quotation omitted).
[3] *Id.* (citations omitted).
[4] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *3 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[5] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'r, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).
[6] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977).

will take time and effort to answer—does not make it improper.[7]  Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[] and to answer fully [that question],' a party's obligation under Rule 33 is satisfied."[8]  A party is not required to make an extensive investigation in responding to an interrogatory, but must review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available.[9]

### 2.  Objections Must be Stated with Specificity

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and explain whether any responsive information or documents have been withheld.[10]  The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[11]  Any objection must clearly state how the information sought is not relevant to any claim or defense, or how the request is overbroad, burdensome or oppressive.[12]

---

[7] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).

[8] *Id.* (citing *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. 11–542, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010))).

[9] *Id.* (citing 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013)).

[10] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

[11] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (quotations omitted).

[12] *Chevron Midstream Pipelines v. Settoon Towing, LLC*, Nos. 13-2809, 13-3197, 2015 WL 269051 at *3 (E.D. La. Jan. 20, 2015) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.") (citation omitted).

The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them."  FED. R. CIV. P. advisory committee's notes to 2015 amendment.  Thus, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[13]  "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."  FED. R. CIV. P. advisory committee's notes to 2015 amendment.

When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."[14]  Objections interposed without also indicating whether any document or information is being withheld are improper.[15]  Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[16]

---

[13] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).

[14] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

[15] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

[16] *Id*. (citation omitted) ("Objections that fail to provide an appropriate basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[17] and courts have long interpreted the rules to prohibit general, boilerplate objections.[18] Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[19] General objections refer to objections that a party responding to discovery asserts as applicable to multiple individual requests set forth in a given set of discovery requests.[20] A general objection untethered to specific requests (and is thus also a boilerplate objection) is improper.[21] Merely copying and pasting an objection by itself, however, does not render an objection a boilerplate objection.[22] Likewise, in some instances, general objections may serve as an efficient response whereby the court may consider and rule upon general objections raised against sets of interrogatories or requests for production.[23] To serve this purpose and to comply with the Federal Rules of Civil Procedure, however, the general objections must raise specific objections and correspond to specific discovery requests.[24] Where a general objection is connected

---

[17] 8B CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2173 (3d ed. 2021).

[18] *See, e.g., Chevron,* 2015 WL 269051, at *3 (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request.") (citation omitted); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485–86 (5th Cir. 1990) (simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.") (citations omitted).

[19] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.,* No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (citation omitted) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case."). Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request. *Amazing Ins., Inc. v. DiManno,* No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).

[20] *Grider v. Keystone Health Plan Cent., Inc.,* 580 F.3d 119, 134 n.16 (3d Cir. 2009).

[21] *See DL v. Dist. of Columbia,* 251 F.R.D. 38, 43 (D.D.C. 2008) (citation omitted) ("When faced with general objections, the applicability of which to specific document requests is not explained further, this Court will not raise objections for the responding party, but instead will overrule the responding party's objections on those grounds." (internal quotations omitted)).

[22] *Tim Long Plumbing,* 2020 WL 6559869, at *4.

[23] *Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 304 (D. Kan. 1996) (citations omitted).

[24] *Dickey v. Apache Indus. Servs., Inc.,* No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana,* No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests. But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").

both to the facts of the case and specific discovery requests, they are proper; when they are disconnected from either the facts or the discovery requests, they are not proper.[25]

### 3. **Possession, Custody or Control**

A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control. FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1). A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[26] Thus, documents owned or possessed by third parties, agents, attorneys, hired consultants and others that the party can reasonably obtain by request within that party's custody or control.[27]

### C. **Rule 30(b)(6)**

The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition.[28] This rule gives the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on [its] behalf."[29] Further, it alleviates the opposing party from "having to play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being

---

[25] Likewise, the practice of responding to discovery requests "subject to" and/or "without waiving" objections is manifestly confusing (at best) and misleading (at worst), and has no basis at all in the Federal Rules of Civil Procedure. *Heller v. City of Dallas*, 303 F.R.D. 466, 486–87 (N.D. Tex. 2014) (citations omitted). Such an objection paired with a response "preserves nothing and serves only to waste the time and resources of both the Parties and the Court." *Id.* at 487. To the extent any response or production is done "subject to" or "without waiving" objections other than privilege or work product, such objections are waived. *Id.*

[26] *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

[27] *Becnel*, 2018 WL 691649, at *3 (" 'Control' ... extends to materials which the party to whom the request is made has the legal right to obtain ..., even though in fact it has no copy.") (brackets in original) (citing cases); *Dillard Univ. v. Lexington Ins. Co.*, No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (Materials provided by the party to its hired consultants may be within that party's possession, custody, or control) (collecting cases).

[28] *Johnson v. Big Lots Stores, Inc.*, No. 04-3201, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)).

[29] *Id.* (citing *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996)).

bandied from pillar to post by deposition witnesses who disclaim personal knowledge on topics with which others in the corporation are familiar."[30]

The party seeking to depose an organization "must describe with reasonable particularity the matters for examination."[31]  In response, the entity must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[32]  As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.  The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.[33]

If the organization objects to any matter set forth in the deposition notice, it bears the burden of demonstrating that the notice is objectionable or insufficient and may file a motion for a protective order pursuant to Rule 26(c) in order to make that showing.[34]

In light of the burden placed on the corporate deponent by Rule 30(b)(6), the Rule preliminarily imposes a duty to identify with reasonable particularity the specific categories or topics for inquiry.[35]  This enables the corporate entity to fulfill its obligations to choose and prepare a deponent:  "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6)

---

[30] *Id.* (citing *Brazos River Auth. v. GE Ionics, Inc*., 469 F.3d 416, 432–33 (5th Cir. 2006)).
[31] FED. R. CIV. P. 30(b)(6).
[32] *Id.*
[33] *Brazos River Auth.,* 469 F.3d at 433 (quotations and citations omitted).
[34] *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 18-14, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018) (citations omitted).
[35] *Id.* (citing FED. R. CIV. P. 30(b)(6)).

notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."[36]

The effectiveness of Rule 30(b)(6) "bears heavily upon the parties' reciprocal obligations" to identify topics with particularity and prepare witnesses in good faith.[37]  When the notice sufficiently informs the entity of the matters that will be inquired into at the depositions so that it can determine the identity and number of persons whose presence will be necessary to provide an adequate response, the particularity requirement has been met.[38]  Courts have not, however, hesitated to issue protective orders when an entity is asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices,[39] rejecting the assertion that the rule authorizes "burdening the responding party with production and preparation of a witness on every facet of the litigation."[40]

Effective December 1, 2020, Rule 30(b)(6) was amended to provide, in pertinent part:

---

[36] *Pauls v. Prudential Ins. Co. of Am*., No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.,* No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).

[37] *Lipari v. U.S. Bancorp, N.A*., No. 17-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (citation omitted); *see also Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) (citation omitted) (noting that "it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything."); *Dealer Comput. Servs., Inc. v. Curry*, No. 12-3457, 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").

[38] *Rivas v. Greyhound Lines, Inc*., No. 14-166, 2015 WL 13710122, at *3 (W.D. Tex. Nov. 19, 2015) (quoting *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Res. Auth*., 93 F.R.D. 62, 66 (D.P.R. 1981)) (finding that notices were sufficient to inform defendant "of the matters which will be inquired into at the depositions so that [defendant] can determine the identity and number of persons whose presence will be necessary to provide an adequate response to any of [plaintiff's] potential questions.")).

[39] *Lipari*, 2008 WL 4642618, at *6; *see also In re Indep. Serv. Orgs. Antitrust Liti*g., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order where plaintiff's attempt to discover facts underlying defendant's defenses and counterclaims through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information."); *RM Dean Farms v. Helena Chem. Co*., No. 11-00105, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (granting protective order where "[t]he 30(b)(6) notice would require [defendant] to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible.").

[40] *Apple, Inc. v. Samsung Elecs. Co., Ltd*., No. 11-1846, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (noting that an entity's task to prepare its witness in compliance with Rule 30(b)(6) "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand."); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task."); *Acton v. Target Corp*., No. 08-1149, 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009) (finding it impossible to properly prepare one or more deponents to testify on 96 noticed topics without undue burden and expense.).

"Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination."  No longer can a party list overly broad and ambiguous matters for examination out of an abundance of caution; likewise, organizations can no longer designate inadequately prepared witnesses based on their own interpretation of broad or ambiguously worded topics.  The new "confer in good faith" provision requires litigants to confer about the examination topics, and the list of matters for examination may be refined so that the organization may be better able to designate and prepare an appropriate witness or witnesses.  This new requirement also enables litigants to address other potential process issues, such as the timing and location of the deposition as well as the number of witnesses and the matters upon which they will testify.  *See* FED. R. CIV. P 30(b)(6), advisory committee's notes to 2020 amendment.

In determining whether a Rule 30(b)(6) notice meets the reasonable particularity requirement, a court should examine the notice in the context of the individual circumstances of the case.[41]  A topic that is phrased in terms of "including but not limited to" or "from any source" is improper and must be limited.  Requiring a deponent to prepare a witness to address unspecified topics from unstated sources is inconsistent with Rule 30(b)(6)'s reasonable particularity requirement.  In order to prepare their Rule 30(b)(6) deponent adequately, the noticing party must identify each and every topic with sufficient specificity.

---

[41] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4936734, at *2 (E.D. La. Aug. 11, 2008) (citing FED. R. CIV. P. 26(b)(1), advisory committee's note to 2000 amendment).  *Cf. TV Interactive Data Corp. v. Sony Corp.*, No. 10-475, 2012 WL 1413368, at *2-*3 (N.D. Cal. Apr. 23, 2012) (stating court should consider whether, based on the facts of each case, contention interrogatories are a more appropriate discovery tool than a 30(b)(6) deposition) (citing *Exxon Rsch. & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 601–02 (1999); *United States v. Taylor*, 166 F.R.D. 356, 362 n.7 (M.D.N.C. 1996) (holding that contention interrogatories were more appropriate than a 30(b)(6) deposition for discovery in a patent case)).

D. **Location of Deposition**

Rule 30(b)(1) of the Federal Rules of Civil Procedure provides that "[a] party who wants to depose a person by oral questions . . . must state the time and place of the deposition." This generally means that the party noticing the deposition may choose the deposition's location.[42] Although the party noticing the deposition ordinarily selects the location for the deposition to take place,[43] the deposition is presumptive to occur at the location of the residence of an individual or at the corporation's principal place of business, especially when the corporation is the defendant, unless the interests of justice require otherwise.[44]

When a corporation objects to a deposition being taken at a place other than its principal place of business, the objection should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation.[45] Indeed, courts recognize that a party's deviation from the presumptive location for a deposition satisfies the Rule 26(c) requirement of good cause.[46] Thus, a party's unilateral choice of location for deposition is subject to entry of a FED. R. CIV. P. 26(c)(2) protective order designating a different place.[47] When a dispute arises

---

[42] *Marquette Transp. Co. Gulf-Inland, L.L.C. v. Navigation Mar. Bulgarea*, No. 19-10927, 2020 WL 9396494, at *1 (E.D. La. Feb. 19, 2020) (citing 8A C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2112 at 523).

[43] *Reyes v. Cooper Tire & Rubber Co.*, No. 09-3680, 2010 WL 2038046, at *1 (E.D. La. May 20, 2010 (citing 8A C. WRIGHT, A. MILLER & R. MARCUS, FED. PRAC. AND PROC. § 2112, at 527–28 (3d ed. 2010)); *see also Celebration Church, Inc. v. United Nat'l Ins. Co.*, No. 14-1050, 2015 WL 13532831, at *2 (E.D. La. Dec. 15, 2015) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 541 (D. Minn. 2003)).

[44] *Marquette Transp.*, 2020 WL 9396494, at *1 (citations omitted); *Salter*, 593 F.2d at 651; *Dwelly*, 214 F.R.D. at 541; *Celebration Church,* 2015 WL 13532831, at *2.

[45] *See Salter*, 593 F.2d at 651; *see also Willis v. Mullins*, No. 04-6542, 2006 WL 302343, at *5 (E.D. Cal. Feb. 8, 2006) (citing FED. R. CIV. P. 26(c)).

[46] *Asevedo v. NBCUniversal Media, L.L.C.*, No. 12-2005, 2013 WL 3155206 (E.D. La. June 19, 2013); *see also Petroplex Int'l, LLC v. St. James Parish*, 15-140, 2016 WL 362402 (E.D. La. Jan 28, 2016).

[47] *Celebration Church*, 2015 WL 13532831, at *2 (citing *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 382 (M.D.N.C. 1988) (citing 8A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2112, at 403 (1970))).

about the location of a deposition, the Court has broad discretion to determine the appropriate place for a deposition.[48]

Courts consider several factors in determining whether to alter the presumptive location:[49]

1.  Whether counsel for the parties are located in the forum district;

2.  Whether the deposing party is seeking to depose only one corporate representative or multiple designees;

3.  Whether the corporation chooses a corporate representative that resides outside the location of the principal place of business and the forum district;

4.  Whether significant discovery disputes may arise and there is an anticipated necessity of the resolution by the forum court;

5.  Whether the claim's nature and parties' relationship is such that an appropriate adjustment of the equities favors a deposition site in the forum district; and

6.  A balancing of the cost and convenience for all parties.[50]

Arguments focusing on counsels' convenience are less compelling than those concerning any hardship to the deponent.[51]

## III.   <u>ANALYSIS</u>

Contrary to Plaintiff's assertion, amended Rule 30(b)(6) explicitly requires a party issuing a Rule 30(b)(6) notice to confer in good faith, either before or promptly after the notice is served, regarding the matters for examination.   Thus, Plaintiff is obliged to confer with Defendant regarding the matters for examination.   Additionally, Plaintiff has failed to articulate any reason

---

[48] *Berthelot v. Andreas Fahl Medizintechnik-Vertrieb GmbH*, 17-2140, 2018 WL 1251657, at *1 (E.D. La. Mar. 12, 2018) (citing *Martin v. Allstate Ins. Co*., 292 F.R.D. 361, 368 (N.D. Tex. 2013)); *Marquette Transportation*, 2020 WL 9396494, at *1 (citations omitted); *Birkland v. Courtyards Guest House*, No. 11-0349, 2011 WL 4738649, at *2 (E.D. La. Oct., 7, 2011); *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp*., 147 F.R.D. 125, 127 (N.D. Tex. 1992).
[49] *See Salter*, 593 F.2d at 651-52.
[50] *Sussman v. Fin. Guards, LLC*, No. 15-02373, 2017 WL 3456317, at *2 (E.D. La. Aug. 11, 2017) (citing *Resolution Trust Corp*., 147 F.R.D. at 127; *Herrera v. Werner Enters., Inc.,* No. 14-385, 2015 WL 12910677 at *1 (W.D. Tex. Mar. 19, 2015)); *Asevedo*, 2013 WL 3155206 at *3 (citing *Tailift USA, Inc*. v. Tailift Co., No. 03-0196, 2004 WL 722244, at *2 (N.D. Tex. Mar. 26, 2004), (quoting *Resolution Trust Corp.,* 147 F.R.D. at 127)).
[51] *Gearbox Software, LLC v. Apogee Software, Ltd.*, No. 14-710, 2014 WL 3109868, at *2 (N.D. Tex. July 8, 2014); *Tailift USA, Inc*., 2004 WL 722244, at *2 (internal quotation and citation omitted).

to justify departure from the presumptive location of UPS's Rule 30(b)(6) Deposition at its Atlanta headquarters.

Although Plaintiff has not filed a Motion to Compel with regard to UPS's objections and responses to Plaintiff's Interrogatories and Requests for Production, given that many of these same issues are implicated in the Rule 30(b)(6) notice, the Court will address same to the extent UPS would seek to rely on those objections with regard to the re-issued Rule 30(b)(6) notice. The Court overrules all General Objections preceding the specific responses to discovery requests as the Federal Rules of Civil Procedure are clear that any objection must be made with specificity. The Court also overrules UPS's prematurity objections. UPS is obliged to review all sources of responsive information reasonably available and provide the responsive, relevant facts reasonably available, and it may supplement under Rule 26(e) if appropriate. Likewise, UPS's objection to producing information based on its assertion that there is no evidence that UPS was involved in an incident other than Plaintiff's self-serving allegation is overruled. Plaintiff has filed suit, and the matter is now governed by the Federal Rules of Civil Procedure. Unless and until Plaintiff's claims are dismissed, UPS is obliged to engage to honor Rule 26, which permits discovery of information relevant to any claim or defense.

Now, addressing the specific topics in Plaintiff's Rule 30(b)(6) notice, Topic No. 1 is overbroad to the extent it would purport to require production of contracts between UPS and Target involving locations beyond the Kenner location at which the incident occurred. This topic must be modified to limit any contracts to those between Target and UPS that relate to the Kenner site. Likewise, Topic No. 2 exceeds the scope of permissible discovery to the extent it involves trip logs relating to pickups or deliveries for vendors other than UPS. Topic No. 3 fails to identify the area of inquiry with sufficient specificity. As drafted, it would purport to require UPS to identity a

witness to address "any and all records," without any limitation as to the subject matter or date of same.  It is also overbroad, even if limited to employment files of all drivers to the extent it would encompass drivers other than the driver involved in the incident at issue.  Topic 3 must be limited to a witness designated to answer questions regarding the personnel and training records of the driver involved in the incident at issue.  Topics 4 and 6 both appear to seek a witness to testify as to the identity of the driver involved in the incident, and will be so limited.

Topic 5-10 and the additional two items appear to be interrogatories or requests for production rather than areas of inquiry.  Document requests Nos. 1-13 are improper, as phrased, because they seek "any and all" documents.  Courts routinely find that requests seeking "any and all documents" are overbroad.[52]  Request No. 14 appears to be a topic of inquiry or interrogatory, not a document request.  To the extent any request calls for work product information, UPS must provide a privilege log identifying any document withheld on the basis of work product,[53] which log must describe each document and its contents with sufficient information to permit the courts and other parties to test the merits of the privilege claim.[54]

## IV.   CONCLUSION

The deposition notice, as issued, must be quashed.  Plaintiff may re-issue the notice to schedule UPS's deposition at its corporate headquarters in Atlanta unless otherwise agreed by

---

[52] *See, e.g., D.H. Griffin Wrecking Co. v. 1031 Canal Dev., L.L.C.,* No. 20-1051, 2020 WL 8265341, at *4 (E.D. La. 2020) (Douglas, M.J.); *see also Rice v. Reliastar Life Ins. Co.*, No. 11-44, 2011 WL 5513181, at *2 & n.2 (M.D. La. Nov. 10, 2011) ("Furthermore, it has been held that a request for "any and all documents" relating to a particular subject is overbroad and amounts to little more than a fishing expedition.") (citing cases).

[53] A party withholding information by claiming privilege or work product "must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." FED. R. CIV. P. 26(b)(5) (emphasis added).  The use of the word "must" indicates that production of a privilege log, including the detail specified by Rule 26(b)(5)(A)(i) and (ii), is mandatory.

[54] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (citing *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'") (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993))).

UPS.  Further, the parties are instructed to meet and confer regarding the topics for examination and document requests prior to re-issuance of the Notice of Rule 30(b)(6) Deposition.  The parties are reminded of their obligations to engage in discovery in good faith and are warned that gamesmanship will not be tolerated.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 17) and Defendant's Motion to Quash (ECF No. 23) are GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this ____26th____ day of June, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE