UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREGORY CHAUVIN | * | CIVIL ACTION |
| VERSUS | * | NO. 23-392 |
| UNITED PARCEL SERVICE, INC., ET AL. | * | SECTION "T" (2) |

**ORDER AND REASONS**

Before me is Defendants United Parcel Service, Inc.'s ("UPS") and Liberty Mutual Fire Insurance Company's Motion to Compel Rule 30(b)(6) Deposition of Target Corporation. ECF No. 35. Target timely filed a response. ECF No. 45. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the motion is GRANTED for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff Gregory Chauvin alleges that, while loading cargo for his employer Target Corporation ("Target"), he sustained personal injuries after a United Parcel Service, Inc. ("UPS") driver moved the truck without warning. ECF No. 1-4. Plaintiff filed suit against, among others, UPS, and Target intervened to recover workers' compensation benefits. ECF No. 1-5; No. 5-1.

UPS delivered a draft Notice of Rule 30(b)(6) deposition to Target's counsel via email on May 8, 2023, scheduling the deposition for June 6, 2023. ECF Nos. 35, 35-2. UPS argues that, despite delivery of that draft notice and after numerous requests for available dates, Target refused to respond, so it unilaterally scheduled the deposition for June 6, 2023. ECF No. 35-1 at 3. (Although UPS references an Exhibit B, its filing includes only a 1-page Exhibit A, and it does not include a copy of the Rule 30(b)(6) notice.) UPS seeks an order compelling Target to appear for a Rule 30(b)(6) deposition.

1

Target's response indicates that UPS demanded that Target identify one person to address the 15 areas of inquiry identified in the Rule 30(b)(6) notice. ECF No. 45 at 1. Target argues that it has no objection to proceeding with the deposition, but it is not possible to identify a single representative to address every area of inquiry. It argues it is actively working to identify the appropriate deponents and to provide times and locations for same. *Id.* at 2.

## II. APPLICABLE LAW

The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition.[1] The effectiveness of Rule 30(b)(6) "bears heavily upon the parties' reciprocal obligations" to identify topics with particularity and prepare witnesses in good faith.[2]

Effective December 1, 2020, Rule 30(b)(6) was amended to provide, in pertinent part: "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." No longer can a party list overly broad and ambiguous matters for examination out of an abundance of caution; likewise, organizations can no longer designate inadequately prepared witnesses based on their own interpretation of broad or ambiguously worded topics. The new "confer in good faith" provision requires litigants to confer about the examination topics, and the list of matters for examination may be refined so that the organization may be better able to designate and prepare an appropriate witness or witnesses. This new requirement also enables litigants to address other potential process issues, such as the timing and location of the deposition as well as the number of witnesses and

---

[1] *Johnson v. Big Lots Stores, Inc.*, No. 04-3201, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)).
[2] *Lipari v. U.S. Bancorp, N.A.*, No. 17-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (citation omitted); *see also Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) (citation omitted) (noting that "it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything."); *Dealer Comput. Servs., Inc. v. Curry*, No. 12-3457, 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").

the matters upon which they will testify. *See* FED. R. CIV. P 30(b)(6), advisory committee's notes to 2020 amendment.

### A. Areas of Inquiry Must be Identified with Particularity

The party seeking to depose an organization "must describe with reasonable particularity the matters for examination"[3] in light of the burden placed on the corporate deponent by Rule 30(b)(6) to select and prepare a proper designee:[4] "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."[5]

### B. The Responding Party Selects the Designee(s)

In response to a Rule 30(b)(6) notice, the entity must designate *one or more* agents or other persons to testify on its behalf "about information known or reasonably available to the organization."[6] As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters

---

[3] FED. R. CIV. P. 30(b)(6).
[4] *Id.* (citing FED. R. CIV. P. 30(b)(6)).
[5] *Pauls v. Prudential Ins. Co. of Am.*, No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.,* No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).
[6] *Pauls*, 2016 WL 6397564, at *4.

are reasonably available, whether from documents, past employees, or other sources.[7]

If the organization objects to any matter set forth in the deposition notice, it bears the burden of demonstrating that the notice is objectionable or insufficient and may file a motion for a protective order pursuant to Rule 26(c) in order to make that showing.[8]

### C.     Location of Deposition

Rule 30(b)(1) of the Federal Rules of Civil Procedure provides that "[a] party who wants to depose a person by oral questions . . . must state the time and place of the deposition." This generally means that the party noticing the deposition may choose the deposition's location.[9] Although the party noticing the deposition ordinarily selects the location for the deposition to take place,[10] the deposition is presumed to occur at the location of the residence of an individual or at the corporation's principal place of business, especially when the corporation is the defendant, unless the interests of justice require otherwise.[11]

When a corporation objects to a deposition being taken at a place other than its principal place of business, the objection should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation.[12] Indeed, courts recognize that a party's deviation from the presumptive location for a deposition satisfies the Rule 26(c) requirement of

---

[7] *Brazos River Auth. V. GE Ionics, Inc.,* 469 F.3d 416, 433 (5th Cir. 2006) (quotations and citations omitted).
[8] *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 18-14, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018) (citations omitted).
[9] *Marquette Transp. Co. Gulf-Inland, L.L.C. v. Nav. Mar. Bulgarea*, No. 19-10927, 2020 WL 9396494, at *1 (E.D. La. Feb. 19, 2020) (citing 8A C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2112 at 523).
[10] *Reyes v. Cooper Tire & Rubber Co.*, No. 09-3680, 2010 WL 2038046, at *1 (E.D. La. May 20, 2010 (citing 8A C. WRIGHT, A. MILLER & R. MARCUS, FED. PRAC. AND PROC. § 2112, at 527–28 (3d ed. 2010)); *see also Celebration Church, Inc. v. United Nat'l Ins. Co.*, No. 14-1050, 2015 WL 13532831, at *2 (E.D. La. Dec. 15, 2015) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 541 (D. Minn. 2003)).
[11] *Marquette Transp.*, 2020 WL 9396494, at *1 (citations omitted); *Salter,* 593 F.2d at 651; *Dwelly,* 214 F.R.D. at 541; *Celebration Church,* 2015 WL 13532831, at *2.
[12] *See Salter*, 593 F.2d at 651; *see also Willis v. Mullins*, No. 04-6542, 2006 WL 302343, at *5 (E.D. Cal. Feb. 8, 2006) (citing FED. R. CIV. P. 26(c)).

good cause.[13]  Thus, a party's unilateral choice of location for deposition is subject to entry of a FED. R. CIV. P. 26(c)(2) protective order designating a different place.[14]  When a dispute arises about the location of a deposition, the Court has broad discretion to determine the appropriate place for a deposition.[15]

### III.   ANALYSIS

UPS has no role in Target's selection of its designee(s).  Rule 30(b)(6) expressly provides that the organization named in the Rule 30(b)(6) notice must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf."  Fed. R. Civ. P. 30(b)(6).  Thus, UPS cannot demand that Target designate a single person to address the 15 areas of inquiry.

Although Target indicates that it is actively working to identify designees and confirm availability, there is no reason this task should take over two months.  Target will be allowed 7 days to identify the designee(s) who will testify on its behalf and to advise UPS of its preferred deposition location.

### IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Compel (ECF No. 35) is GRANTED.

IT IS FURTHER ORDERED that Target identify its designee(s) and preferred deposition location within 7 days.

---

[13] *Asevedo v. NBCUniversal Media, L.L.C.*, No. 12-2005, 2013 WL 3155206 (E.D. La. June 19, 2013); *see also Petroplex Int'l, LLC v. St. James Par.*, No. 15-140, 2016 WL 362402, at *3 (E.D. La. Jan 28, 2016).
[14] *Celebration Church*, 2015 WL 13532831, at *2 (citing *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 382 (M.D.N.C. 1988) (citing 8A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2112, at 403 (1970))).
[15] *Berthelot v. Andreas Fahl Medizintechnik-Vertrieb GmbH*, No. 17-2140, 2018 WL 1251657, at *1 (E.D. La. Mar. 12, 2018) (citing *Martin v. Allstate Ins. Co.*, 292 F.R.D. 361, 368 (N.D. Tex. 2013)); *Marquette Transp.,* 2020 WL 9396494, at *1 (citations omitted); *Birkland v. Courtyards Guest House*, No. 11-0349, 2011 WL 4738649, at *2 (E.D. La. Oct., 7, 2011); *Resolution Trust Corp.,* 147 F.R.D. at 127.

IT IS FURTHER ORDERED that Target's deposition be conducted on or before August 18, 2023, unless otherwise agreed by the relevant parties.

New Orleans, Louisiana, this __13th__ day of July, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE